UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE RAY HURD<br><br>　　　　Plaintiff,<br>v.<br>L.E. SCRIBNER, WARDEN<br>　　　　Defendants. | Civil No. 06CV0412 JAH(LSP)<br><br>**ORDER OVERRULING PETITIONER'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGES'S REPORT AND RECOMMENDATION AND DENYING THE PETITION FOR WRIT OF HABEAS CORPUS.** |

### INTRODUCTION

Petitioner, a state prisoner appearing *pro se*, has filed a petition for writ of habeas corpus challenging disciplinary action taken against him pursuant to 28 U.S.C. § 2254. Respondents filed an answer to the petition and Petitioner filed a traverse. The Honorable Judge Leo S. Papas, United States Magistrate Judge, thereafter submitted a report and recommendation recommending the petition be denied in its entirety. Petitioner filed objections to the report and recommendation. Now, after a thorough review of the pleadings and relevant exhibits submitted by the parties, as well as the magistrate judge's Report, and for the reasons set forth below, this Court OVERRULES petitioner's objections, ADOPTS the report and recommendation and DENIES the petition in its entirety.

//

//

# BACKGROUND

On March 6, 2004, Petitioner was ordered by prison officials to submit a urine sample for random drug testing, but refused to submit a sample. He was therefore charged with "refusing to submit a urine sample" in violation of California Code of Regulations, title 15, §3290(d). Petitioner was found guilty at the disciplinary hearing and disciplined with a 90-day 'good time' credit forfeiture, 30 days of lost phone privileges, and a 10 day loss of yard privileges. Petitioner challenged the disciplinary action through the California Department of Corrections' administrative appeals process and, on March 25, 2005, his appeal was denied at the final level of review. Additionally, Petitioner filed various state court habeas petitions challenging the action, all of which became final on January 4, 2006, when the California Supreme Court issued a final order denying his claims.

# DISCUSSION

1.  **Legal Standard**

    a)  **Scope of Review of Magistrate Judge's Report and Recommendation**

    The district court's role in reviewing a magistrate judge's Report and Recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and " may accept, reject, or modify, in whole or part, the findings or recommendation made by the magistrate [judge]." Id. It is well settled, under Rule 72(b) of the Federal Rules of Civil Procedure, that a district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. Thomas v. Arn, 474 U.S. 140, 153 (1985).

    b)  **Scope of Review of Federal Habeas Corpus Petition**

    Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

    > The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

>  custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "worked substantial changes to the law of habeas corpus." Moore v. Calderon, 108 F.3d 261, 263 (9th Cir. 1997). As amended by AEDPA, 28 U.S.C. § 2254(d) now reads:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision may be found to be "contrary to" clearly established Supreme Court precedent: (1) "if the state court applies a rule that contradicts the governing law set forth in [the Court's] cases" or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003). A state court decision involves an "unreasonable application" of clearly established federal law, "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or, "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams, 539 U.S. at 407; Andrade, 538 U.S. 63, 75-76.

//
//
//

2.  **Analysis**

In the instant petition, Petitioner alleges (1) that prison officials infringed his constitutional rights by disciplining him because they failed to follow the California Code of Regulations and the California Department of Corrections ("CDC") Operations Manual; (2) Petitioner was denied due process of law during the disciplinary proceedings; and (3) the state court abused its discretion by rejecting petitioner's claims concerning the application of state law. *See* Doc. # 1 at 7-9.

The magistrate judge found that Petitioner's claim that the failure to follow the California Code of Regulations and the CDC Operations Manual, resulting in a loss of good time credits after prison disciplinary proceedings, is not a cognizable claim on federal habeas corpus review. *See* Report at 4. The magistrate judge also determined that, even if Petitioner had presented a cognizable claim, the state court's ruling on the claim was not an abuse of discretion nor was it objectively unreasonable. Id. at 5-7. The magistrate judge further found that the disciplinary proceedings satisfied the requirements of procedural due process. Id. at 13. The magistrate judge concluded that Petitioner was not entitled to relief and recommended that the instant Petition be denied in its entirety.[1] Id. at 14.

Petitioner presents several objections to the magistrate judge's report and recommendation. Specifically, Petitioner objects to the magistrate judge's (a) factual findings; (b) findings on cognizability; and (c) findings on the merits of Petitioner's due process claim.

//
//
//
//

---

[1] The magistrate judge also determined that, if Petitioner had sought relief based on a violation of his First Amendment rights (which he did not), that claim would fail. *See* Report at 7-9. Petitioner does not present any objections to this portion of the Report. This Court has conducted an independent *de novo* review of the magistrate judge's Report and determines that the magistrate judge has presented a cogent analysis of First Amendment law as it applies to Petitioner and, therefore, adopts the analysis in full.

### a. Factual Findings

Petitioner first objects to the magistrate judge's statement that Petitioner was charged with "'refusing to submit a urine sample' in violation of California Code of Regulations, title 15, § 3290(d)' [because] ... the regulation only makes punishable refusing to 'provide a urine sample when ordered to do so pursuant to these regulations." Objections at 2 (quoting Report at 2). Petitioner challenges this statement as inaccurate because "Petitioner ... does not ... believe the request for urinalysis was made 'pursuant to these regulations.'" This Court finds this first objection fails because Petitioner does not challenge the accuracy of the factual finding but, instead, challenges whether the statute, as quoted by the magistrate judge, was applied correctly. Therefore, Petitioner's objection to this factual finding is OVERRULED.

Petitioner similarly objects to the magistrate judge's description of CDC Operations Manual § 52010.12 as including "'general population inmates' in the group of inmates subject to random urinalysis" because § 52010.12 does not specifically so state. <u>Id.</u> (quoting Report at 5). However, the magistrate judge explained that, even though § 52010.12 does not specifically state general population inmates are included in the group of inmates subject to random urinalysis testing, the inclusion may be inferred through proper statutory construction because the Goal Statement for the CDC Manual states that "'[a]ll CDC populations, including felon and civil addict inmates and parolees are subject to testing.'" Report at 5. This Court finds the magistrate judge's description of this section is a reasonable statutory construction. Therefore, Petitioner's objection to this factual finding fails and, accordingly, is OVERRULED.

Lastly, petitioner objects to the magistrate judge's "conclusion that: Petitioner responded 'Yes' when asked if he understood he would be disciplined for refusing to submit a urine sample," contending that even though he did say "yes," he never understood that he would be disciplined because he believed that the regulation did not apply to him. *See* <u>id.</u> at 3-4. Because Petitioner is not disputing whether or not he said the word "yes," Petitioner's objection to this factual finding also fails and, therefore, is

OVERRULED.

### b. Cognizability

Petitioner further objects to the magistrate judge's conclusion that Petitioner's claim that he was unconstitutionally disciplined is not cognizable on federal habeas corpus review. A federal habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable claim pursuant to § 2254. A state's interpretation of its laws or rules provides no basis for federal habeas corpus relief when no federal constitutional question arises. Estelle v. McGuire, 502 U.S. 62, 68 (1991) (stating that federal habeas corpus relief does not lie for errors of state law, and federal courts may not reexamine state court determinations on state law issues). Federal habeas courts may not reexamine state court's application of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Federal courts may only intervene in state judicial proceedings to correct errors of federal constitutional magnitude. Oxborrow v. Eikenberry, 877 F. 2d 1395, 1400 (9th Cir. 1989).

In his petition, Petitioner claimed the state court's determination that Petitioner was correctly selected for urinalysis testing based on the requirements set forth in the CDC Operations Manual and California state law was constitutionally in error. *See* Doc. # 1 at 8. In the Report, the magistrate judge concluded that:

> Whether CSP officials complied with the California Code of Regulations and the CDC Operations Manual are questions of state law. Since a federal court on federal habeas review cannot challenge a state court's interpretation of state law, Petitioner's claim is not cognizable on federal habeas corpus review.

Report at 5. Petitioner objects to this conclusion, arguing that there must be exceptions to the holding in Wainwright v. Goode, 464 U.S. 78, 84 (1983) (stating that "the views of the state's highest court with respect to state law are binding on the federal courts"). Petitioner contends that "where the views of the state's highest court with respect to the state law implicate federal constitutional concerns, federal court intervention is entirely appropriate." Objections at 5. In support of his contention, Petitioner relies on Cunningham v. California, 127 S. Ct. 856 (2007), which holds that determinate sentencing law requires the judge, not the jury, to find facts which would expose defendant

to an elevated upper term sentence, violated defendant's sixth amendment right.

Petitioner is incorrect in his reliance on Cunningham because, in the instant case, no constitutional protections were violated by the California Court of Appeal's interpretation of their own state laws. In Cunningham, the state court found that the application of state law violated the defendant's constitutional right to trial by jury. Cunningham, 127 S. Ct. at 856. The instant case is distinguishable from Cunningham because Petitioner's claims concern an alleged improper interpretation of state law, not whether the application of state law violated one of his constitutionally protected rights. Because the California Court of Appeal's interpretation of its own laws is not an issue cognizable on federal habeas review, the magistrate judge's determination that Petitioner's claims based on state law are not cognizable is correct. Accordingly, Petitioner's objection to the magistrate judge's finding on cognizability is OVERRULED.[2]

### c.   Due Process

Petitioner also objects to the magistrate judge's finding that the prison disciplinary proceedings satisfied the requirements of due process. *See* Objections at 17-18. Procedural due process under the Fourteenth Amendment of the United States Constitution requires that "government action depriving a person of life, liberty or property . . . be implemented in a fair manner." United States v. Salerno, 481 U.S. 739, 746 (1987). In a prison disciplinary hearing, the prison disciplinary board must provide: (1) advance, written notice of the charges; (2) an opportunity to respond; (3) a written statement of the evidence relied upon by prison officials and the reasons for the disciplinary action; and (4) the disciplinary board's findings supported by some evidence in the record in order to satisfy the minimum due process safeguards. Superintendent v. Hill, 472 U.S. 445, 454 (1985); Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).

In the Report, the magistrate judge found that Petitioner received advance written

---

[2] Petitioner also objects to the magistrate judge's determinations on the merits of his state law claims. However, because this Court ultimately finds Petitioner's state law claims are not cognizable on federal habeas review, this Court does not address Petitioner's objections to the magistrate judge's report on that basis and OVERRULES them as moot.

notice of the charges, a written statement of the evidence relied upon by prison officials, the reasons for the disciplinary action, and that he had an opportunity to respond. The magistrate judge also found that the disciplinary board's findings were supported by "some evidence" in the record. *See* Report at 14. Based on this evidence, the magistrate judge held that:

> [s]ince the disciplinary proceedings were consistent with and satisfied the Due Process requirements of Wolff and Hill, the disciplinary proceedings could not be 'contrary to' or an 'unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'

Report at 14 (citing 28 U.S.C. § 2254(d)(1)). Petitioner objects to the magistrate judge's finding that the disciplinary board provided "some evidence" that was supported by the record. Petitioner disagrees with the magistrate judge's determination that his response of "yes" when told that he would be disciplined for refusing to submit a urine sample and the CDC employee's written report was sufficient evidence to meet the due process requirements under Wolff and Hill and, therefore, the State court's determination on the issue was not "contrary to clearly established federal law." Objections at 19-20.

This Court agrees with the magistrate judge's finding that the evidence before the disciplinary board was sufficient to meet due process requirements. The standard of "some evidence" is not as stringent for prison disciplinary hearings as are the evidentiary requirements in criminal proceedings. *See* Jackson v. Virginia, 443 U.S. 307 (1979); Hill, 472 U.S. at 455. Here, the evidence before the Board included the written report of the employee who ordered Petitioner to submit to the urinalysis as well as the testimony from the CDC employee stating that the Petitioner understood he would be punished for not following the regulation. *See* Report at 14. The procedural due process rights of a prisoner, in this context, require only that there be "some evidence" to support the findings made by the disciplinary board. *See* Hill 472 U.S. at 457. The magistrate judge properly outlined the factors required by Hill and found that the disciplinary board satisfied all four requirements, including the fact that there was "some evidence" before the Board. Therefore, this Court finds Petitioner's objections to the magistrate judge's

finding on Petitioner's procedural due process claim unpersuasive and, accordingly, the objections are OVERRULED.

## CONCLUSION AND ORDER

This Court has conducted an independent review of the record, the pleadings presented by the parties and the magistrate judge's Report. This Court's review reveals that the magistrate judge provided a thorough and cogent analysis of the claims presented. This Court, thus, finds that the magistrate judge's findings and conclusions are not clearly erroneous. Therefore, this Court adopts the magistrate judge's findings and conclusions on petitioner's claims *in toto*. Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Petitioner's objections to the magistrate judge's report and recommendation are **OVERRULED** in their entirety;
2. The magistrate judge's findings and conclusions contained in the report and recommendation are **ADOPTED** in full; and
3. The instant petition is **DENIED**. The Clerk of Court shall close the file.

Dated: May 2, 2007

_____
HON. JOHN A. HOUSTON
United States District Judge